## Levi A. Fuller *vs.* Joshua W. Morse & another.

Under *St.* 1852, *c.* 312, §§ 3, 6, 60, parties severally liable on the same written contract, joined in one action, are competent witnesses for each other, if separate trials are had.

ACTION OF CONTRACT on a promissory note, commenced at March term 1854 of the court of common pleas. The writ con-tained two counts; one against Warren Adams, as maker, who pleaded a certificate of discharge in insolvency; the other against Joshua W. Morse, as indorser, who pleaded want of demand on the maker, and of notice to himself. *Byington,* J. ordered sepa-rate trials, and the case being tried first against Morse, refused to admit Adams to testify for Morse, on the ground that he was a party to the record, and therefore an incompetent witness. The jury returned a verdict for the plaintiff, and Morse excepted to this refusal.

*F. H. Dewey,* for Morse.

*C. E. Pratt,* for the plaintiff. Adams was properly joined in the same action with Morse, being a party severally liable on the same written contract. *St.* 1852, *c.* 312, § 3. Being thus a party to the record, he was an incompetent witness, especially as the question of his own liability was still open. 1 Greenl. Ev. §§ 329, 356. *Commonwealth* v. *Marsh,* 10 Pick. 57. *Vinal* v. *Burrill,* 18 Pick. 29. *Bull* v. *Strong,* 8 Met. 8. Ordering separate trials did not change his relation; he was still a party to the record. The *St.* of 1852, *c.* 312, § 60, which removes all objection to the competency of witnesses by reason of interest, expressly declares that " this act shall not render competent any party to a suit or proceeding, who is not now by law rendered

competent." The Rev. Sts. *c.* 100, §§ 6, 7, and *St.* 1851, *c.* 255, § 3, do not apply, because this witness had not been defaulted.

BIGELOW, J. The provision in § 3 of *St.* 1852, *c.* 312, by which parties severally liable on contracts, including all parties to bills of exchange and promissory notes, may be joined in one action, does not, in any respect, change the rules of evidence or the competency of witnesses on the trial of such actions. To hold that parties, otherwise competent, are thereby excluded, would not only be contrary to § 60 of the same statute, by which all objection to the competency of witnesses on the ground of interest was abolished; but also to the express provision of § 6, which enacts that nothing contained in the statute shall be deemed to change any of the rules of evidence, except so far as the same is therein specially provided for.

Besides; the sole purpose of § 3 was to facilitate proceedings against parties severally liable on the same contract, not to hinder or embarrass them. Provision was made for separate issues and separate trials, when necessary or convenient, and also for separate judgments and executions. It made no change in the legal rights of parties to contracts, except that it permitted them to be determined under one process, instead of compelling a party seeking redress to resort to several actions.

*Exceptions sustained.*